IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02358-NYW

JOHN MEGGS, and
ACCESS 4 ALL INCORPORATED,

    Plaintiffs,

v.

FRIENDS HOSPITALITY LLC, d/b/a WINGATE BY WYNDHAM COLORADO SPRINGS,

    Defendant.

## ORDER

This matter is before the Court on Plaintiffs' Motion for Reasonable Attorney's Fees and Costs ("Motion for Fees" or the "Motion"). [Doc. 20, filed November 22, 2022]. For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This action was initiated on September 13, 2022, when Plaintiffs John Meggs ("Mr. Meggs") and Access 4 All Incorporated (collectively, "Plaintiffs") filed the Complaint [Doc. 1], wherein they alleged that Mr. Meggs—who suffers from a physical disability—encountered multiple barriers to access when he visited property owned and operated by Defendant Friends Hospitality LLC, d/b/a Wingate by Wyndham Colorado Springs ("Defendant" or "Wingate"). [*Id.*]. Plaintiffs sought "injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs" pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. §§ 2201 and 2202. [*Id.* at ¶¶ 1, 25–31].

Defendant filed its Answer on October 7, 2022, admitting to all material allegations in the Complaint. [Doc. 10]. The same day, Defendant filed a Notice of Service of Offer of Judgment,

stating that it had served an offer of judgment on Plaintiffs' counsel that day, pursuant to Federal Rule of Civil Procedure 68(a). [Doc. 11]; *see also* [Doc. 14-1]. The offer of judgment permitted a declaratory judgment against Defendant stating that, since the commencement of this action, Defendant "was and is in violation of Title III of the Americans with Disabilities Act," and injunctive relief, including the remediation of the barriers to access. *See* [Doc. 14-1 at 3–4]. The offer was "exclusive of reasonable attorneys' fees, costs, and expenses" pursuant to 42 U.S.C. § 12205, and Defendant reserved the right to contest the reasonableness of such fees, costs, and expenses. [*Id.* at 4]. On November 2, 2022, Plaintiffs notified the Court that they accepted Defendant's offer of judgment. [Doc. 14]. The Court entered final judgment in favor of Plaintiffs on November 7, 2022. *See* [Doc. 15; Doc. 16].

On November 21, 2022, Plaintiffs filed the instant Motion for Fees. [Doc. 20]. Plaintiffs seek fees for a "total amount of $9,692.00," which Plaintiffs calculated by adding "attorneys' fees and costs in the amount of $4,415.00 and expert fees of $4,800.00."[1] [*Id.* at 15].

## LEGAL STANDARD

Title 42 U.S.C. § 12205 provides that, in ADA cases, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." *See Kelley v. Smith's Food & Drug Centers, Inc.*, 793 F. App'x 787, 791 (10th Cir. 2019). A plaintiff becomes a "prevailing party" if "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992). There is no dispute here that Plaintiffs are the prevailing parties.

---

[1] The Court notes that $4,415.00 + $4,800.00 = $9,215.00—not $9,692.00, as Plaintiffs assert in the Motion. *See* [Doc. 20 at 15].

2

## ANALYSIS

**I.      Attorney's Fees**

    **A.      Reasonable Hourly Rate**

A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).  Courts may determine the reasonableness of a fee request by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433.  Typically, "[t]o determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment."  *Porter v. BASF Corp.*, No. 19-cv-01352-KLM, 2021 WL 4426954, at *3 (D. Colo. Sept. 27, 2021).  "The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment."  *Id.*  Additionally, a "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  Again, the party requesting fees bears the burden of establishing that the billed rates are in line with the prevailing market rate. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  The court may "adjust the lodestar upward or downward to account for the particularities" of the work performed.  *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

Here, Plaintiffs seek $4,415.00 in attorney's fees for the work performed by three individuals: Anthony J. Perez of Garcia-Menocal & Perez, P.L. (the "Firm"), the lead attorney for Plaintiffs; Beverly Virues, who works at the same Firm and also represents Plaintiffs; and Deanette

Peraza, a litigation paralegal at the Firm. [Doc. 20 at 12].[2] Plaintiffs have submitted a declaration from Mr. Perez, wherein he sets forth an account of the hours expended by the firm in this litigation. [Doc. 20-1]. Specifically, Mr. Perez states that his regular billing rate in ADA compliance cases is $450.00 per hour and he performed 9.4 hours of work on this case. [*Id.* at ¶¶ 4, 10]. Thus, Mr. Perez's lodestar amount alone is $4,230.00. [*Id.* at ¶ 10]. In addition, Mr. Perez states that Ms. Virues "billed .4 hours in this matter at a rate of $350" totaling $140.00, and Ms. Peraza "billed .3 hours in this matter at a rate of $150.00" totaling $45.00. [*Id.* at ¶¶ 8–9].

Defendant does not challenge the billing rates charged by Plaintiffs' counsel's Firm. And the Court likewise concludes that the above-referenced billing rates charged by the Firm are reasonable, in light of Mr. Perez's nearly 21 years of experience, Ms. Virues's five years of experience, and Ms. Peraza's 16 years of experience. *See* [*id.* at ¶¶ 2, 6]; *See, e.g.*, *Prim v. Ensign U.S. Drilling, Inc.*, No. 15-cv-02156-PAB-KMT, 2019 WL 4751788, at *7 (D. Colo. Sept. 30, 2019) (approving hourly rates of $400 per hour for attorney with eight years' experience and $650 per hour for attorneys with 18 and 22 years of experience); *Aguilar v. Pepper Asian Inc.*, No. 21-cv-02740-RM-NYW, 2022 WL 408237, at *7 (D. Colo. Feb. 10, 2022) (this Court concluding that a $400.00 per hour rate was reasonable for an attorney with 16 years of experience); *compare Mendoza v. Valley Park Apartments, Inc.*, No. 13-cv-00002-PAB-KMT, 2014 WL 984687, at *6 (D. Colo. Mar. 13, 2014) ($250 was a reasonable rate for attorney with seven years of experience).

---

[2] Plaintiffs also suggest they should be awarded "reasonable costs" under Federal Rule of Civil Procedure 54(b), but identify those "costs" as the "total of $4,415.00 for the *expert's fee* because of related good faith work completed to verify whether or not an ADA Action was warranted based upon the Plaintiff's complaint of ADA violations." [Doc. 20 at 13–14 (emphasis added)].

B.     **Reasonableness of Hours Expended**

The Court now turns to whether the requested amount is reasonable. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty.*, 157 F.3d 1243, 1250 (10th Cir. 1998). In determining whether time devoted to a particular task was reasonable, the court considers "(1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Porter*, 2021 WL 4426954, at *3 (quotation omitted).

Here, Plaintiffs seek fees covering the period from August 1, 2022, the date of Mr. Meggs's initial conference with Mr. Perez, through November 14, 2022, the date the Court denied as moot the Parties' jointly filed motion to appear telephonically at the Scheduling Conference. [Doc. 20-1]; *see also* [Doc. 17; Doc. 19]. Defendant argues that "Plaintiffs should not be awarded any fees for time spent after the Rule 68 [Offer of Judgment] was served on them." [Doc. 24 at 7]. The Court respectfully agrees.

As other courts in this District have noted under similar circumstances involving the same counsel, this case should have proceeded no further once Defendant admitted all the material allegations in the Complaint and offered judgment granting Plaintiffs all the requested relief. *See Cuesta v. DTC Lodging LLC*, No. 21-cv-03092-RM-SKC, 2022 WL 6730834, at *1 (D. Colo. Oct. 11, 2022); Order Granting in Part and Denying in Part Plaintiff's Motion for Attorney's Fees, *Cuesta v. Peoria Lodging, LLC*, No. 21-cv-03104-CMA-KLM (D. Colo. Nov. 17, 2022), ECF No. 39; *see also* [Doc. 24-1]. From that point on, Plaintiffs' "unreasonable refusal to accept victory prolonged this litigation." *DTC Lodging*, 2022 WL 6730834, at *1. Plaintiffs disagree that the

amount their counsel's firm billed after the offer of judgment was unreasonable, arguing that "Rule 68 imposes no stay on litigation nor does it toll any deadlines." [Doc. 25 at 4–5 (emphasis omitted)]. However, even disregarding for the moment that this case was not stayed after Defendant served the offer of judgment, Plaintiffs state that "the offer was timely accepted on October 21, 2022." [*Id.* at 4]. Yet, they fail to explain why they waited until November 2, 2022 to file the Notice of Accepting Offer of Judgment. *See* [Doc. 14]. Nor do they explain why it was reasonable to continue incurring expenses thereafter. *See* [Doc. 25 at 4–5]. Accordingly, the Court will reduce the fee award by $1,220.00—the amount Plaintiffs' counsel's firm billed after Defendant offered judgment on October 7, 2022—for a total attorney's fee award of $3,195.00.

## II.    Expert Fees

Pursuant to the ADA, Plaintiffs also seek an expert fee of $4,800.00 for 16 hours of work performed by Gene Mattera.[3] [Doc. 20 at 14–15]. However, like other courts in this District, this Court finds Mr. Mattera's one-page invoice wholly inadequate to support such a fee. *See, e.g.*, *DTC Lodging*, 2022 WL 6730834, at *1. For instance, it includes a two-hour entry for "[r]ecord[ing] and print[ing] photographs depicting violations," but a separate two-hour entry for "[c]ollation and verification of ADA violations," neither of which contain any further explanations or dates on which such work was performed. [Doc. 20-4 at 6]; *see also* [*id.* at 2, ¶ 10 ("I printed and reviewed the photographs and did additional research on the violations Mr. Meggs encountered.")]. Nor do Plaintiffs attempt to refute Defendant's contention that it was unnecessary

---

[3] Plaintiffs note that the "Eleventh Circuit has not addressed the issue of expert fees," [Doc. 20 at 14], but this Court notes that Eleventh Circuit law is inapposite to its inquiry. At least one district court within the United States Court of Appeals for the Tenth Circuit have found that a court may, in its discretion, allow the prevailing party a reasonable attorney's fee, including expert fees, as part of the costs. *See Chaffin v. Kansas*, No. 01-1110-JTM, 2005 WL 387654, at *2 (D. Kan. Feb. 17, 2005). For the purposes of this Order, this Court assumes, without deciding, that the Court may, in its discretion, award expert fees to the prevailing party under the ADA.

to fly their expert from Florida to Denver because a comparable report could have been obtained locally for about $750.  *See* [Doc. 24 at 2]; *see also DTC Lodging*, 2022 WL 6730834, at *1 (noting that the plaintiff did not "attempt to refute [the] contention that it was unnecessary to fly his expert roundtrip from Florida to Denver twice because a comparable report could have been obtained locally for around $750").  Accordingly, the Court declines to award the expert fee.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiffs' Motion for Reasonable Attorney's Fees and Costs [Doc. 20] is **GRANTED in part** and **DENIED in part**; and

(2) Plaintiffs are awarded $3,195.00 in attorney's fees as the prevailing party in this matter.

DATED: April 21, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge